IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC. CLERK. CHARLESTON. SC

2010 NOV 30 P 1: 02

| | | |
|---|---|---|
| Terrell McCoy, Jr., | ) | Civil Action No. 9:09-cv-2958-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Amy Enloe, Nurse-Doctor, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

In this *pro se* action Plaintiff alleges that Defendants violated § 1983 because they failed to provide him with pain medication and proper medical care after he slipped and fell in the shower. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. The Magistrate Judge has issued a Report and Recommendation that Defendants' motion for summary judgment should be granted and Plaintiff's motion for summary judgment denied. (Dkt. No. 73). Plaintiff has filed objections to the R&R. (Dkt. No. 77). Having reviewed the Plaintiff's objections and the Record in this matter *de novo*, as explained herein, this Court agrees with the Report and Recommendation and grants Defendants' motions for summary judgment and denies Plaintiff's motion for summary judgment.

## LAW/ANALYSIS

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96

S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

A *de novo* review of the Record and Plaintiff's objections reflects that Plaintiff cannot demonstrate that he did not receive adequate and proper medical care. Plaintiff has offered no evidence sufficient to create a genuine issue of fact as to whether any named Defendant was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Instead, the evidence before this Court, including Plaintiff's own evidence, includes medical records showing that Plaintiff has received continuous and ongoing treatment for his medical complaints, with none of the information contained in these medical records supporting Plaintiff's claim of constitutionally inadequate medical care with respect to his wrist injury. The Record contains medical records showing that he was seen on numerous occasions for his complaints, the x-rays taken of his wrist at the time reflected no injury to his wrist (including Plaintiff's own exhibits), and that Plaintiff received regular medications for pain and discomfort. Additionally, several registered nurses attest in affidavits that Plaintiff has received more than adequate medical treatment and care for his medical complaints, and the medical evidence before this Court clearly indicates that Plaintiff has

2

not suffered any injury or aggravation of his condition as a result of the medical decisions made in his case.

Plaintiff cannot simply allege in a conclusory fashion that he did not receive constitutionally adequate medical care or attention and fail to provide any support for his claim. Accordingly, the Court agrees with the recommendation of the Magistrate Judge and adopts it as the Order of this Court.

## CONCLUSION

Based on the above, this Court **grants** Defendants' motion for summary judgment (Dkt. No. 44) and **denies** Plaintiff's motion for summary judgment (Dkt. No. 64). Plaintiff's claims are dismissed with prejudice. Plaintiff's request for injunctive relief is denied as moot. (Dkt. No. 71).

**AND IT IS SO ORDERED**.

_____
Richard Mark Gergel
United States District Court Judge

November 30, 2010
Charleston, South Carolina